**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DRIRITE OF CENTRAL FLORIDA INC.**
a/a/o Lux Group LLC and SRV Associates,

          **Plaintiff,**

-vs-                                              **Case No. 6:09-cv-1785-Orl-31DAB**

**IRONSHORE INSURANCE, LTD.,**

          **Defendant.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, DriRite of Central Florida, Inc. ("Plaintiff"), Motion to Remand (Doc. 13) and Defendant's, Ironshore Insurance, Ltd ("Defendant"), response in opposition thereto (the "Response") (Doc. 14).

**I. Overview**

Plaintiff originally brought suit in state court on March 17, 2009 (Doc. 2 at 3). The Chief Financial Officer of the State of Florida, Defendant's statutory agent for service, accepted service of process on March 31, 2009 and forwarded same to Defendant, a Bermudian company, by certified mail on April 2, 2009 (Doc. 1 at 28). Defendant, however, did not receive a copy of the Summons and Complaint from the State's Chief Financial Officer.[1] Defendant failed to respond to

---

[1] The Service of Process Manager for the Florida Department of Financial Services, Pam Edenfield, averred that the State incorrectly forwarded process to Defendant via certified mail, "which is not effective for international mailings. Rather, the Department, to comply with its own practices and in recognition of the limitations of the Certified mailings via [USPS], should have sent process

the Complaint and was ultimately subject to a default judgment in the amount of $793,265.86 (Doc. 1 at 39-40). When Plaintiff attempted to execute on the judgment, Defendant apparently learned of the suit and filed a Notice of Removal on October 21, 2009 (Doc. 1).

In its Motion, Plaintiff contends that Defendant's removal was untimely because Defendant failed to effect removal within thirty (30) days after Plaintiff served the State's Chief Financial Officer (Doc. 13 at 5).[2] In its Response, Defendant contends it was never served because, *inter alia*, service under FLA. STAT. § 624.423 requires the State's CFO to correctly forward process to an insurer.

## II. Standards

Unlike state courts, lower federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

---

by Registered Mail . . ." (Doc. 14-2, ¶ 4).

[2]Plaintiff appears to concede that the parties are diverse and that the amount in controversy exceeds $75,000. Indeed, Plaintiff is a Florida corporation with its principal place of business in the State of Florida and Defendant is a foreign company organized under the laws of Bermuda and with its principal place of business in Bermuda (Doc. 1, ¶ 6). Finally, the default judgment and affidavit filed in support thereof clearly indicates that the amount in controversy exceeds $75,000.

For diversity jurisdiction to exist, no defendant may be a citizen of the same state as any plaintiff and the amount in controversy must exceed $75,000. *See* U.S. CONST. art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844). Furthermore, removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

**III. Analysis**

To effect service upon an "unauthorized" insurer such as Defendant, a party must serve the State of Florida's Chief Financial Officer:

> (1) Service of process upon the Chief Financial Officer as process agent of the insurer . . . shall be made by serving copies in triplicate of the process upon the Chief Financial Office or upon her or his assistant, deputy, or other person in charge of her or his office. Upon receiving such service, the Chief Financial Officer shall file one copy in her or his office, return one copy with her or his admission of service, and promptly forward one copy of the process *by registered or certified mail* to the person last designated by the insurer to receive the same . . .
>
> (2) Where process is served upon the Chief Financial Officer as an insurer's process agent, the insurer shall not be required to answer or plead except within 20 days after the date upon which the Chief Financial Officer mailed a copy of the process served upon her or him as required by subsection (1).
>
> (3) Process served upon the Chief Financial Officer *and copy thereof forwarded as in this section provided* shall for all purposes constitute valid and binding service thereof upon the insurer.

FLA. STAT. § 624.423 (emphasis added).

Based on the foregoing, Defendant contends that service was never effected because the State's Chief Financial Officer failed to properly forward process to its offices in Bermuda by registered mail (Doc. 6 at 13, citing *Home Life Ins. Co. v. Regueira*, 243 So. 2d 460 (Fla. 2d DCA 1971) (applying similar service statute and concluding that, *inter alia*, when statutory agent fails to follow forwarding procedures, there can be no valid or binding service of process upon the insurer) [hereinafter "*Regueira*"]).

Plaintiff does not address *Regueira* or offer any contrary authority in its Motion. In the absence of any such authority, the Court finds *Regueira* persuasive and is compelled to follow same.[3] Contrary, then, to Plaintiff's contention that Defendant was served at the time the State's Chief Financial Officer was served, the Court concludes that, due to the State's failure to properly forward process, no valid or binding service was ever effected upon Defendant. Defendant's removal was therefore timely.

---

[3] Absent a decision from the Florida Supreme Court, federal district courts sitting in diversity are generally bound to follow the decisions of the state's intermediate appellate courts. *See*, *e.g.*, *McMahan v. Toto*, 311 F. 3d 1077, 1080 (11th Cir. 2002).

**IV. Conclusion**

Accordingly, it is **ORDERED** that Plaintiff DriRite of Central Florida, Inc.'s Motion to Remand (Doc. 13) is **DENIED**. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 22, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE